IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02596-NYW-STV

OLD CHICAGO II FRANCHISING, LLC,

    Plaintiff,

v.

WD VENTURES, LLC,
TOM WILLIS,[1]
ANDY DANIELS, and
THAD WILLIS,

    Defendants.

## ORDER

This matter comes before the Court on the Motion 1) to Dismiss for *Forum Non Conveniens* or, Alternatively, 2) to Certify Order for 28 U.S.C. § 1292(b) Interlocutory Appeal and 3) for Stay of Proceedings (the "Motion to Dismiss"), [Doc. 68, filed October 18, 2023], filed by Defendants Tom Willis, Andy Daniels, Thad Willis, and WD Ventures, LLC (together, "Defendants"). The Motion to Dismiss is opposed by Plaintiff Old Chicago II Franchising, LLC ("Plaintiff" or "Old Chicago II"). The Court finds that oral argument will not materially assist in the disposition of the Motion to Dismiss. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **DENIES** the Motion to Dismiss.

---

[1] The Clerk of Court is **DIRECTED** to update the docket to reflect the correct spelling of Defendant Tom Willis's name.

## BACKGROUND

Plaintiff licenses "a distinctive restaurant system, identified by certain trade names, marks, and menus, that governs the establishment and operation of casual dining restaurants operating under the 'Old Chicago®' name." [Doc. 2 at ¶ 1].[2] After establishing an Old Chicago Pizzeria and Taproom franchise in Logan, Utah, pursuant to several contracts with Plaintiff, it is alleged in this action that Defendants "unilaterally re-brand[ed] . . . as a competing business and ceas[ed] to make royalty and other payments." [*Id.* at ¶¶ 2–7]. Plaintiff filed suit in the United States District Court for the District of Utah on April 6, 2023, [Doc. 1], bringing three claims for breach of various agreements between the Parties as well as a claim for misappropriation of trade secrets, [Doc. 2 at ¶¶ 47–71].

On May 22, 2023, Defendants moved to dismiss the Complaint pursuant to the doctrine of *forum non conveniens*, arguing that this case belonged in the Colorado state court system. [Doc. 31]. Defendants' motion focused on the "Venue and Jurisdiction" provision in the Parties' Franchise Agreement, which reads:

> All disputes arising under this Agreement including any arbitration hearings and matters which are to be heard in state or federal court as described in Section 25.6 will take place <u>exclusively in Broomfield, Colorado</u>, and will be held no later than 90 days after the Arbitrators have been selected. The Franchisor, the Franchisee and its Owners do hereby agree and submit to personal jurisdiction to arbitration and the state and federal courts located in the State of Colorado and do hereby waive any rights to contest venue and jurisdiction in the State of Colorado and to allege that venue and jurisdiction are invalid.

[Doc. 2 at 61 (emphasis added)]. Defendants argued that the forum selection clause was

---

[2] This Court cites to the docket and page or paragraph number assigned by the Court's Case Management/Electronic Case Filing System.

enforceable and that its reference to Broomfield only permitted litigation between the Parties to proceed in the state courts located in the City and County of Broomfield, Colorado.[3]  *See* [Doc. 31 at 2, 9–13].  Plaintiff took the position that the forum selection clause was unenforceable because it was negotiated by the Parties' predecessors and their dispute bore no connection to Colorado.  *See* [Doc. 46 at 5–6].  In the alternative, Plaintiff contended that "the proper and exclusive mechanism for enforcement would be a transfer of this matter under 28 U.S.C. § 1404(a) to the United States District Court for the District of Colorado."  [*Id.* at 2]; *see also* [*id.* at 7–12].

On October 4, 2023, Judge Tena Campbell of the District of Utah held a hearing on Defendants' initial motion to dismiss.  At the conclusion of the hearing, she stated:

> And you all make convincing arguments, but when I look at the submissions and having heard the arguments, I think that taken as a whole, the venue provisions are best served if I transfer this matter to Federal Court in Denver, and that's what I'm going to do.  All right.  We'll be in recess.

[Doc. 71 at 34].  Judge Campbell entered a written order memorializing her transfer ruling:

> The court has considered Defendants' Motion to Dismiss for <u>Forum Non Conveniens</u>.  (ECF No. 31.)  For the reasons set forth at the hearing, the court DENIES the motion but exercises its discretion to transfer the case.  The court directs the Clerk of Court to transfer this case to the federal district court in Denver, Colorado.

[Doc. 60].  The next day, the case was transferred to the District of Colorado and assigned

---

[3] Plaintiff's three breach claims arise under the Parties' Franchise Agreement, Area Development Agreement, and Owners Agreement, respectively.  *See* [Doc. 2 at ¶¶ 47–63].  In the briefing on the Motion to Dismiss, Plaintiff contends that its claim for breach of the Area Development Agreement is subject to a different forum selection clause than the one in the Franchise Agreement.  *See* [Doc. 79 at 12]; *see also* [Doc. 2 at 99 (referencing "the state and federal courts located nearest to Broomfield, Colorado")].  Defendants disagree.  *See* [Doc. 84 at 9].  The Court assumes for purposes of the Motion to Dismiss that the Franchise Agreement's forum selection clause is applicable to all claims asserted in the Complaint.

3

to the undersigned. [Doc. 61; Doc. 63].

On October 18, 2023, Defendants filed the Motion to Dismiss. In it, they argue that the forum selection clause in the Franchise Agreement is enforceable and requires Plaintiff's claims to be brought in Colorado state court to the exclusion of Colorado federal court. *See* [Doc. 68 at 5–10]. In the alternative, they request that this Court certify both Judge Campbell's transfer order and any order denying the Motion to Dismiss for interlocutory appeal and stay the action pending appeal. *See* [*id.* at 10–15]. Plaintiff opposes dismissal on the merits and suggests that revisiting *forum non conveniens* would defy the doctrine of law of the case. *See* [Doc. 79].

## LEGAL STANDARDS

### I. *Forum Non Conveniens*

Under the doctrine of *forum non conveniens,* a court may order the dismissal of an action over which it declines jurisdiction because the court lacks a mechanism to transfer it to the proper forum. *See Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019); 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3828 (4th ed. July 2023 update). The doctrine is, "essentially, 'a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994)). "The central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient." *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 605 (10th Cir. 1998) (cleaned up).

Courts apply a two-step threshold test to determine whether a case may be dismissed under the *forum non conveniens* doctrine. *See Fireman's Fund Ins. Co. v.*

4

*Thyssen Mining Constr. of Canada, Ltd.*, 703 F.3d 488, 495 (10th Cir. 2012); *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1174 (10th Cir. 2009). First, there must be "an adequate alternative forum in which the defendant is amenable to process." *Fireman's Fund Ins. Co.*, 703 F.3d at 495 (quotation omitted). Second, foreign law must be applicable. *Id.* "If the answer to either of these questions is no, the *forum non conveniens* doctrine is inapplicable." *Id.* (quoting *Gschwind*, 161 F.3d at 605–06).

If these threshold criteria are satisfied, courts proceed to balance "a range of private and public interest factors." *Yavuz*, 576 F.3d at 1180. The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for compelling attendance of witnesses; (3) the cost of obtaining attendance of willing non-party witnesses; (4) the possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of the case easy, expeditious, and inexpensive. *Id.* Public-interest factors include: (1) the administrative difficulties of courts with congested dockets that can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law. *Id.*

Ordinarily, a defendant must bear a "heavy burden" in opposing the plaintiff's chosen forum. *Sinochem*, 549 U.S. at 430. There is normally a "strong presumption in favor of hearing the case in the plaintiff's chosen forum." *Gschwind*, 161 F.3d at 606; *Soo Chong Lee v. Young Life*, No. 18-cv-01421-PAB-KLM, 2019 WL 764549, at *5 (D. Colo. Feb. 21, 2019). This presumption applies with less force if a plaintiff sues outside of its

home forum. *See Sinochem*, 549 U.S. at 430 ("When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." (quotation omitted)). And when the parties have entered into a valid forum selection clause that purports to exclusively commit the parties to a forum, that clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (quotation omitted).

## II.    Law of the Case

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). "As it is most frequently applied, law of the case encompasses a lower court's adherence to its own prior rulings, to the rulings of its superior court in the case, or to the rulings of another judge or court in the same case or a closely related case." *Aguinaga v. United Food & Com. Workers Int'l Union*, 854 F. Supp. 757, 773 (D. Kan. 1994). With regard to a district court's adherence to its own prior rulings, "questions that have not been decided do not become law of the case simply because they could have been decided." *Id.* "However, law of the case principles may apply when a court concludes that an issue was decided implicitly." *Id.* "[T]he law of the case doctrine is fundamentally permissive, affording courts" discretion with respect to its application. *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1211 (10th Cir. 2023).

6

### III. Venue Transfer

Venue transfers largely implicate the same principles and factors as *forum non conveniens* dismissals. Under the general venue statute, venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). With respect to transferring an action between federal courts, 28 U.S.C. § 1404(a) provides in relevant part that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

For a typical motion under § 1404(a), the Supreme Court and Tenth Circuit have instructed that courts should consider a number of public- and private-interest factors:

> Factors relevant for a § 1404(a) transfer include (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).  "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 571 U.S. at 62–63 (quoting 28 U.S.C. § 1404(a)).  As with *forum non conveniens*, however, this analysis changes when a motion seeking transfer is based on a "an applicable, mandatory, valid, and enforceable forum-selection clause."  *Carr v. Wells*, No. 20-cv-03319-PAB-SKC, 2022 WL 910953, at *4 (D. Colo. Mar. 28, 2022).  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  *Atl. Marine*, 571 U.S. at 62.

### IV.   Interlocutory Appeal

Under 28 U.S.C. § 1292, a district court may certify an issue for interlocutory appeal if three criteria are met:  (1) the order involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion" as to the resolution of the question; and (3) certification "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Appeals under this statute are "traditionally disfavored," *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009), and "exceedingly rare," *Carbajal v. Keefer*, 51 F. Supp. 3d 1065, 1068 (D. Colo. 2014).  This is because interlocutory appeals "are necessarily 'disruptive, time-consuming, and expensive' for the parties and the courts."  *Vallario*, 554 F.3d at 1262 (quoting *Waste Mgmt. Holdings, Inc.*

*v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)); *see also Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 101 (E.D.N.Y. 2010) (noting that an interlocutory appeal may "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions" (quotation omitted)).

Nevertheless, interlocutory review under 28 U.S.C. § 1292(b) "may be permitted where immediate appeal of a controlling issue will avoid protracted litigation." *Carbajal*, 51 F. Supp. 3d at 1068. The Court ultimately has discretion to determine whether to certify an order for interlocutory appeal, *id.*, and such relief "should be reserved for rare and extraordinary cases," *In re Richard D. Van Lunen Charitable Found.*, No. 22-cv-02309-REB, 2023 WL 4706758, at *3 (D. Colo. July 24, 2023) (citation omitted). To that end, the party seeking the interlocutory appeal "has a heavy burden to show that 'exceptional circumstances'" warrant immediate appellate review. *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

## ANALYSIS

### I.   Law of the Case

This Court begins and ends with Plaintiff's position that the law of the case precludes revisiting Judge Campbell's rejection of Defendants' *forum non conveniens* argument.[4] For the reasons that follow, the Court respectfully agrees with Plaintiff and declines to reconsider the underlying contention that this case belongs in state court.

---

[4] Plaintiff also makes a procedural argument that, under this Court's Uniform Practice Standards, Defendants failed to seek leave of Court before filing the Motion to Dismiss, which constitutes their second such motion in this action. *See* [Doc. 79 at 4]; *see also* NYW Civ. Practice Standard 7.1B(a) ("Unless otherwise ordered, each party shall be

9

The Tenth Circuit has explained that "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order." *Chrysler Credit Corp.*, 928 F.2d at 1516.  Here, this Court is the transferee court, and it has been asked to rule upon a motion to dismiss on the basis of *forum non conveniens* that advances a theory already considered and rejected by the transferor court.  *See* [Doc. 60].  To be sure, Defendants argue that the instant Motion to Dismiss is distinct from their prior dispositive motion because, while both motions may have argued against this action continuing in federal court based on *forum non conveniens* factors, the particular federal court hearing the argument has changed.  *See* [Doc. 84 at 3 ("Since this action is now in a new forum, and the Motion is not revisiting whether Utah was proper, the 'legally relevant factors' and the 'legally relevant facts' are necessarily different and law of the case cannot apply.")].  But this is a distinction without a difference.

Reviewing the proceedings before Judge Campbell confirms that nothing material has changed for purposes of Defendants' argument upon transfer.  Critically, where a valid forum selection clause exists, both the *forum non conveniens* and venue transfer analyses are essentially predestined—unless an extraordinary showing can be made with respect to the public-interest factors.  *See, e.g.*, *Atl. Marine*, 571 U.S. at 60, 62.  Judge Campbell's decision to effectuate the venue provisions of the Franchise Agreement by transferring this action to the District of Colorado, while denying the *forum non conveniens*

---

limited to the filing of a single motion to dismiss directed at the operative pleading.").  But, as Defendants point out, *see* [Doc. 84 at 2], the Practice Standard in question applies in the context of "Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)," NYW Civ. Practice Standard 7.1B.  Both of Defendants' motions have invoked *forum non conveniens*, not Rule 12(b).  *See generally* [Doc. 31; Doc. 68].

motion's request for dismissal, indicates to this Court that she construed the Parties' contract as authorizing venue in Colorado federal court. Accordingly, Judge Campbell denied the motion to dismiss and "exercise[d] [her] discretion to transfer the case." [Doc. 60]; *see also* [Doc. 71 at 20 (Parties discussing with Judge Campbell her authority to sua sponte transfer the case under 28 U.S.C. § 1404)]. Nothing about the legal interpretation of the forum selection clause changes now that the case has entered a new judicial district.[5]

Judge Campbell's decision and Defendants' arguments both undercut the notion that the public-interest factors should be analyzed differently in this forum. *See* [Doc. 84 at 2–3]. First, it appears to this Court that Judge Campbell found venue proper in the District of Colorado pursuant to an enforceable forum selection clause, so only an exceptional showing with respect to the public-interest factors could have justified keeping this action in the District of Utah. Of course, Defendants did not seek to keep the action in the District of Utah, so they did not argue that the public-interest factors supported such a result. *See generally* [Doc. 56]. Here, the Court could either agree with Defendants that the action belongs in Colorado state court and look to the public-interest factors for exceptional grounds for keeping it in federal court, or it could agree with Plaintiff and Judge Campbell that the action is properly continued in Colorado federal court unless the factors provide exceptional grounds to the contrary. Setting aside that no new circumstances warrant revisiting Judge Campbell's core legal determination with respect

---

[5] To the extent that any conflicts of law issues could arise, this Court would apply the choice of law rules of the transferor court. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996) ("[W]here a case is transferred from one forum to another under 28 U.S.C. § 1404(a), as here, then the transferee court must follow the choice of law rules of the transferor court.").

to the meaning of the forum selection clause, and even if there were some basis for considering the role of the public-interest factors in this case, Defendants assert in the Motion to Dismiss that three of the four factors are "neutral" and that the remaining factor only favors dismissal "because the filing of this case in the wrong forum created administrative difficulties exacerbating already clogged dockets." [Doc. 68 at 9–10]. That argument constitutes no showing whatsoever as to three of the factors, and it merely restates the fourth factor without explanation. S*ee Gschwind*, 161 F.3d at 606 (referencing "administrative difficulties of courts with congested dockets"). And to the extent that Defendants' public-interest argument relies upon this case being filed "in the wrong forum," [Doc. 68 at 9], it presupposes that the forum selection clause excludes federal court in Colorado. But if that were the case, there would be no reason to consider the factor as providing another basis for dismissal. Notwithstanding Defendants' distortion of when and how to analyze these factors, their conclusory contention as to court congestion hardly amounts to "extraordinary circumstances," *see Atl. Marine*, 571 U.S. at 62, let alone circumstances that are materially distinguishable from those before Judge Campbell, *see* [Doc. 31 at 12–13]. For these reasons, the transfer of the litigation to this District does not provide any legitimate basis for ignoring that Judge Campbell has already passed upon what is at issue in the Motion to Dismiss. [Doc. 60].

Next, Defendants argue that "the law of the case doctrine is discretionary, not mandatory." [Doc. 84 at 3]. Defendants are correct.[6] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th at 1210–11. And Defendants are likewise correct that Judge Campbell's order was interlocutory. *See* [Doc. 84 at 4]. But discretion can be exercised

---

[6] The Court notes that *forum non conveniens* is discretionary as well. *See DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*, 65 F.4th 547, 552 (10th Cir. 2023).

in any reasonable direction, and Defendants provide no authority that tips the scales. While the denial of the prior *forum non conveniens* motion and the corresponding transfer to this Court were admittedly not explained at length by Judge Campbell, it is indisputable that, following full briefing and a hearing, Defendants' motion was denied and the case was transferred.  *See* 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (3d ed. April 2023 update) ("[A] terse decision is even more clearly the law of the case because it does not require a determination whether actual decision can be inferred.").  In light of the Parties' opportunity to present these issues to Judge Campbell, the Court is inclined to respect as the law of the case her decisions to deny the *forum non conveniens* argument and have this case heard in the District of Colorado pursuant to the Parties' forum selection clause.  *See Chrysler Credit Corp.*, 928 F.2d at 1516 ("[T]raditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court.").

As a fallback position, Defendants submit that "even if the Court determines the issues in the two Motions to Dismiss are the same and may be leaning toward following law of the case norms, it should not because . . . two exceptions" to the doctrine are satisfied.  [Doc. 84 at 5].  Specifically, Defendants indicate that "[t]ransferee courts are allowed flexibility in reevaluating decisions made by transferor courts 'when a clear error has been committed or to prevent manifest injustice.'"  [*Id.* (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516)].  The Court respectfully disagrees that it has been presented with either clear error or the prospect of manifest injustice.

The forum selection clause in this action provides that "disputes . . . including any arbitration hearings and matters which are to be heard in state or federal court . . . will

13

take place exclusively in Broomfield, Colorado." [Doc. 2 at 61]. Although the District of Colorado does not have a courthouse in Broomfield, its jurisdiction (including its removal jurisdiction) encompasses the City and County of Broomfield, and the clause's adjacent reference to federal litigation plainly indicates to the Court that the Parties contemplated federal litigation occurring in Colorado.

The explicit contemplation of federal jurisdiction distinguishes this forum selection clause from those in the cases cited by Defendants, where it appears the relevant contracts referenced counties as the chosen fora without acknowledging the potential for federal litigation. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320–21 (10th Cir. 1997) ("Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court."); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1343, 1346 (10th Cir. 1992) ("[T]he provision that 'venue shall be proper under this agreement in Johnson County, Kansas' seems reasonably clear and the wording strongly points to the state court of that county."); *Intermountain Sys., Inc. v. Edsall Constr. Co., Inc.*, 575 F. Supp. 1195, 1198 (D. Colo. 1983) ("[T]o include the federal district court for the district of Colorado within the ambit of Adams County, Colorado would be a severe catachresis."); *Almanza v. Gen. Constr. Servs., Inc.*, No. 19-cv-03580-DDD-NRN, 2021 WL 2823228, at *3 (D. Colo. Jan. 29, 2021) ("The defendants were not contemplating suit in federal court."); *S & J Rentals v. Hilti, Inc.*, No. 4:17-cv-00159-CVE-FHM, 2017 WL 2992732, at *1 (N.D. Okla. July 14, 2017) (forum selection clause specified "the courts of the County of Tulsa, State of Oklahoma, to the exclusion of any other court," with no mention of federal court). And "a waiver of one's statutory right to remove a case from a state to a federal court must be

clear and unequivocal.*"  Milk 'N' More*, 963 F.2d at 1346 (quotation omitted); *see also, e.g.*, *Rodriguez v. N.Y. Bariatric Grp., LLC*, No. 2:22-cv-05400-JMA-ST, 2024 WL 1400305, at *17 (E.D.N.Y. Mar. 14, 2024) ("[A] forum selection clause providing for 'state or federal court' in a given county or city does not necessarily require that a federal courthouse be present in that county or city, so long as the district's territory includes it."), *report and recommendation adopted*, 2024 WL 1347525 (E.D.N.Y. Mar. 29, 2024).  In other words, the instant Franchise Agreement's mention of federal litigation, combined with the absence of any reference to the courts "of" a non-federal jurisdiction, suggests that the clause sounds in geography, not sovereignty.  *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 925 (10th Cir. 2005) ("If the contract language refers to the state courts to the exclusion of the federal courts, it is a term of sovereignty.  If, on the other hand, it encompasses Colorado state courts and the federal court sitting in the State of Colorado, it is a term of geography.").

Turning to manifest injustice, Defendants point out that "Plaintiff's predecessor drafted the forum selection clause, which Plaintiff then assumed."  [Doc. 84 at 7].  Defendants contend that "manifest injustice would result if Plaintiff were allowed to flout its voluntarily assumed forum selection provision and succeed in transferring this case to a second improper forum."  [*Id.*].  Of course, to the extent this argument rests entirely upon the conclusion—rejected by Judge Campbell, and not clearly supported by the law—that the forum selection clause should be interpreted to exclude federal court, it adds little to the analysis.  Defendants thus fail to show manifest injustice.

Seeking to avoid the law of the case, Defendants rely upon *S & J Rentals v. Hilti, Inc.*, a matter that was transferred by the Eastern District of California to the Northern

15

District of Oklahoma pursuant to a forum selection clause that called for decision by "the courts of the County of Tulsa, State of Oklahoma, to the exclusion of any other court." 2017 WL 2992732, at *1.  The transferee court in Oklahoma determined that this language clearly limited venue to Oklahoma *state* court under the cases cited above, so it declined to treat the transfer order as the law of the case and transferred the case back to California.  *See id.* at *3 ("[T]he transfer order was clearly erroneous because the forum selection clause that formed the basis for the transfer does not designate [the Northern District of Oklahoma] as the proper forum.").  While *S & J Rentals* supports the proposition that this Court can decline to follow the law of the case where the subject order is erroneous or would lead to manifest injustice, the Court finds, for the reasons discussed above, that no clear error or manifest injustice would result from respecting the rulings of the District of Utah.  *Cf.* 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (3d ed. April 2023 update) ("The exception that allows departure from the law of the case when the earlier decision 'was clearly erroneous and would work a manifest injustice' is more likely to be described than employed.").  The Motion to Dismiss is **DENIED** to the extent that it seeks dismissal on the basis of *forum non conveniens*.

## II.     Interlocutory Appeal

Perhaps anticipating that their arguments before this Court are foreclosed, Defendants seek certification of both Judge Campbell's order and this Order for interlocutory appeal under 28 U.S.C. § 1292(b).  *See* [Doc. 68 at 10].[7]  Respectfully, the Court is persuaded by Plaintiff's authority to the effect that interlocutory certification of a

---

[7] For purposes of efficiency, the Court disregards the concern that Defendants improperly combined multiple matters into a single motion.  *See* [Doc. 79 at 15–16].

discretionary venue transfer decision is not ordinarily advisable. *See* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3855 (4th ed. April 2023 update) (collecting cases). Defendants suggest that such a view "is contrary to the well-established law of this circuit," [Doc. 84 at 14 (quotation omitted)], but the cases they cite in support merely note that, as a matter of law, transfer orders are interlocutory and therefore only immediately appealable following certification, *see In re Dalton*, 733 F.2d 710, 714–15 (10th Cir. 1984) ("[A]n order transferring venue of an action, even if the transfer is to a district in another circuit, is an interlocutory order and unappealable, except by certification under 28 U.S.C. § 1292(b)."); *Chrysler Credit Corp.*, 928 F.2d at 1517 n.7 ("The party opposing transfer either may seek certification . . . to appeal the transfer or else petition for mandamus."). And Defendants do not direct the Court to any authority certifying discretionary transfer decisions for interlocutory appeal. Accordingly, this Court respectfully declines to certify Judge Campbell's ruling under 28 U.S.C. § 1292(b).

Defendants' additional request that this Court certify the instant decision is premature. If, after reviewing this Order, Defendants maintain that certification is appropriate, they may seek such relief by separate motion. Finally, having denied the request for § 1292(b) certification, the Court need not pass on the propriety of the stay requested by Defendants. The Motion to Dismiss is **DENIED** to the extent it seeks certification under 28 U.S.C. § 1292(b) or a stay.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) The Motion 1) to Dismiss for *Forum Non Conveniens* or, Alternatively, 2) to Certify Order for 28 U.S.C. § 1292(b) Interlocutory Appeal and 3) for Stay of Proceedings [Doc. 68] is **DENIED**; and

17

(2) On or before **May 8, 2024**, the Parties shall jointly contact the Chambers of the Honorable Scott T. Varholak to reset the Scheduling Conference in this matter.

DATED: May 1, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge